UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMIAH BALIK,<br><br>    Plaintiff,<br><br>    v.<br><br>HON. KEVIN MCCARTHY,<br><br>    Defendant. | Case No.: 1:15-cv-01420 - AWI - JLT<br><br>FINDINGS AND RECOMMENDATIONS DISMISSING PLAINTIFF'S COMPLAINT WITHOUT LEAVE TO AMEND |

     Plaintiff Jeremiah Balik initiated this action by filing a complaint against Congressman Kevin McCarthy in Kern County Superior Court on August 12, 2015. (Doc. 1 at-1 at 2) Defendant filed a Notice of Removal from the state court on September 18, 2015 (Doc. 1), thereby initiating the matter in this Court. Because, as discussed below, the Court finds Plaintiff's claims are fanciful and frivolous, it is recommended that Plaintiff's complaint be **DISMISSED** without leave to amend.

**I.     Screening Requirement**

     Although Plaintiff has not requested to proceed *in forma pauperis* in this Court, the Kern County Superior Court granted him this status on September 3, 2015. (Doc. 1-4 at 2) When a plaintiff proceeds *in forma pauperis*, the Court is required to review the complaint, and shall dismiss the case at any time if the Court determines the action or appeal is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2).

1

A claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *see also Neitzke v. Williams*, 490 U.S. 319, 325, 328 (1989) (finding claims may be dismissed as "frivolous" where the allegations are "fanciful" or "describe[e] fantastic or delusional scenarios").

## II.     Pleading Requirements

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A complaint must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of a complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Iqbal*, 556 U.S. at 678 (citations omitted). If factual allegations are well-pled, a court should assume

their truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth.  *Id.*

### III.     Plaintiff's Allegations

Plaintiff contends Congressman Upton learned he was "interacting with Super Model Kate Upton" on Twitter and "had a sophisticated way to communicate [with] her on Instagram," which angered Defendant.  (Doc. 1-1 at 9)  According to Plaintiff, Upton did not want him dating a supermodel, and so Upton "called in a favor" with Congressman McCarthy and Chocolate Shoppe Ice Cream CEO David Deadman, "and told them not do to do business with [Plaintiff]."  (*Id.*)  He alleges also that Congressmen Upton and McCarthy called in favors to have "various law enforcement agencies, to have them unlawfully patrol around [Plaintiff]" and for Plaintiff's phone to be "tampered with by numerous carriers."  (*Id.* at 11, 12)

### IV.     Discussion and Analysis

Based upon the foregoing factual allegations, Plaintiff asserts Defendant is liable for harassment in violation of California Code of Civil Procedure 527.6, which "defines 'harassment' as 'unlawful violence, a credible threat of violence, or a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose.'" *Rockridge Trust v. Wells Fargo, N.A.*, 985 F. Supp.2d 1110, 1155 (N.D. Cal. 2013) (quoting Cal. Civ. P. § 527.6)  In addition, the alleged actions "must be such that would cause a reasonable person to suffer substantial emotional distress, and must actually cause substantial emotional distress to the [plaintiff]."  (*Id.*)

Here, Plaintiff has not alleged any acts of violence, threats of violence, or conduct that "seriously alarms, annoys, or harasses the person" by Congressman McCarthy.  Furthermore, the allegations—namely, that Congressman McCarthy has "called in favors" with individuals to law enforcement officers to follow Plaintiff or is responsible for the Chocolate Shoppe Ice Cream CEO deciding to not do business with Plaintiff—are have no factual support.  In short, the Court finds the allegations—that Plaintiff has a social relationship with a super model, that a Congressman has such a pronounced interest in Plaintiff's social networking life as to become angry, that, in this angry state, the Congressman engaged the assistance of another Congressman and an ice cream store executive to

thwart the social networking relationship—to be lacking all credibility and all plausibility. *Iqbal*, 556 U.S. at 678. Accordingly, the Court finds Plaintiff's allegations are fanciful, and lack an arguable basis in fact. *See Denton*, 504 U.S. at 32-33.

### V.     Findings and Recommendations

Plaintiff fails to state a cognizable claim for civil harassment in violation of California law. Moreover, given the fanciful nature of Plaintiff's claims, the Court finds leave to amend would be futile. *See Iqbal,* 556 U.S. at 679 (noting that a court should "draw on its judicial experience and common sense" to determine whether a claim is plausible); *Denton*, 504 U.S. at 32-33 (a court may dismiss a claim as frivolous if the alleged facts are "clearly baseless," "fanciful," or "fantastic"); *Lopez v. Smith,* 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely").

Based upon the foregoing, **IT IS HEREBY RECOMMENDED**:

1.     Plaintiff's complaint be **DISMISSED** without leave to amend; and

2.     The Clerk of Court be directed to close this matter.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days after being served with these Findings and Recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991); *Wilkerson v. Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **October 1, 2015**                         **/s/ Jennifer L. Thurston**
                                                                              UNITED STATES MAGISTRATE JUDGE